# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REGINALD FULLARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:20CV253 |
| MS. PERRY, | ) ) ) |
| Defendant(s). | ) ) |

### RECOMMENDATION OF UNITED STATES MAGISTRATE

This matter is before the Court upon Plaintiff Reginald Fullard's document entitled "Petition for Stay for Cause Cited Doc. 2 Filed 3/31/20 etc. (Prejudice Nature)." (Docket Entry 7.) The Court construes Plaintiff's document as a motion for reconsideration of its Judgment under Civil Procedure Rule 60(b). As explained herein, Plaintiff's motion should be denied.

Plaintiff, a prisoner of the State of North Carolina, commenced this action by submitting a document regarding access to legal materials. (Docket Entry 1.) Given the nature of the allegations in the filing, the undersigned treated it as a civil rights action under 42 U.S.C. § 1983 and entered a Recommendation that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, if Plaintiff intended to file a case in this District. (Docket Entry 2.) After considering Plaintiff's objections, Judgment was entered on May 7, 2020, adopting the undersigned's Recommendation. (Docket Entry 6.) On June 22, 2020, Plaintiff filed the instant motion. (Docket Entry 7.) The Court construes Plaintiff's motion as a request to vacate judgment under Federal Rule of Civil

1

Procedure 60(b).[1]  To seek relief under Rule 60(b), "a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotations and citation omitted). After satisfying the threshold requirements, the movant must establish one of the six enumerated grounds for relief, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b).  It is within the sound discretion of the Court as to whether relief under Rule 60(b) should be granted. *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991).  "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (internal quotations and citation omitted).

Here, there is nothing in Plaintiff's motion that warrants relief under Rule 60(b). Plaintiff argues that he is indigent and lacks access to legal assistance. (Docket Entry 7 at 1.) He also contends that he is prejudiced by dismissal of this action and that he should be permitted to file the correct forms.  (*Id.* at 1-4.) However, this does not demonstrate exceptional circumstances for relief under Rule 60(b).  Moreover, the undersigned notes that the Judgment in this case reflects that this action was dismissed without prejudice to Plaintiff filing a new Complaint, on the proper forms, for the Court's consideration.  There is nothing prohibiting Plaintiff from filing a new Complaint on the proper forms, if intended to do so in

---

[1] Plaintiff filed his motion approximately six weeks after entry of Judgment.  Thus, the Court will consider his motion under Rule 60(b) instead of Rule 59(e).  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

this District, for the Court's consideration. Plaintiff's motion should therefore be denied. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's document entitled, "Petition for Stay for Cause Cited Doc. 2 Filed 3/31/20 etc. (Prejudice Nature)," construed as a motion for reconsideration under Rule 60(b), (Docket Entry 7) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

November 16, 2020
Durham, North Carolina