# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| REGINALD FULLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV253 |
| | ) | |
| MS. PERRY, | ) | |
| | ) | |
| Defendant(s). | ) | |

## **RECOMMENDATION OF UNITED STATES MAGISTRATE**

This matter is before the Court upon Plaintiff Reginald Fullard's document entitled "Fed. R. Crim. P. 16 impeded official proceedings 18 U.S.C. § 1512 and Rule 6(e)(1)" (Docket Entry 13), and a document entitled "Motion to Amend Complaint for Justified Causes" (Docket Entry 14). The Court construes Plaintiff's former document as an objection to the Court's January 12, 2021 Order, and construes Plaintiff's latter document as a motion to amend the Complaint. As briefly stated herein, the objection should be overruled and the motion to amend should be denied.

Plaintiff, a prisoner of the State of North Carolina, commenced this action by submitting a document regarding access to legal materials. (Docket Entry 1.) Given the nature of the allegations in the filing, the undersigned treated it as a civil rights action under 42 U.S.C. § 1983 and entered a Recommendation that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, if Plaintiff intended to file a case in this district. (Docket Entry 2.) After considering Plaintiff's objections, Judgment was entered on May 7, 2020, adopting the undersigned's Recommendation. (Docket Entry 6.) On

1

June 22, 2020, Plaintiff filed a document which the Court construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).  (*See* Docket Entry 7.)  The undersigned entered a recommendation that said motion be denied (Docket Entry 8), which the Court adopted on January 12, 2021.  (Docket Entry 12.)

Plaintiff has now filed a document which the Court construes as an objection to the January 12, 2021 Order.  (*See* Docket Entry 13.)  Plaintiff's objection is without merit.  He references criminal rules and statutes seeking proof of an official record, but fails to explain how such records or laws are relevant to either the Court's previous order or this § 1983 civil action in general.  Moreover, the Court notes that Plaintiff's notion that United States District Judge Loretta C. Biggs has impeded official proceedings pursuant to 18 U.S.C. § 1512 is frivolous and, in any event, this criminal obstruction of justice statute affords no private right of action.  *See Compton v. Alpha Kappa Alpha Sorority, Inc.*, 80 F. Supp. 3d 23, 28-29 (D.D.C. 2015) (citation omitted) ("Section 1512 is a criminal obstruction of justice statute for which there is no private right of action."), *aff'd,* 639 F. App'x 3 (D.C. Cir. 2016); *Leal v. Hidalgo Cty.*, No. CV M-07-272, 2008 WL 11391657, at *2 (S.D. Tex. Apr. 23, 2008) (same).  Further, contrary to Plaintiff's suggestion, there is no "attorney for the Gov't" in this matter.  (*See* Docket Entry 13 at 1.)  Lastly, no discovery order has been entered in this matter, nor is any discovery owed to Plaintiff.   Ultimately, Plaintiff's objection to the January 12, 2021 order is without merit and should be overruled.

Also pending is Plaintiff's motion to amend the Complaint.  (Docket Entry 14.)  "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."

*Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). Plaintiff's motion should be denied as futile. He apparently seeks to identify the former superintendent of the Lumberton Correctional Institution as the defendant in this matter. (*See* Docket Entry 14.) However, this proposed name change would be futile as it does not correct the defects initially identified in the Court's previous Recommendation. That is, Plaintiff's original Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. (*See* Docket Entry 2.) As such, Plaintiff's motion to amend should be denied. *See Tissue Prod. Tech. Corp. v. Factory Mut. Ins. Co.*, No. 07-C-771, 2008 WL 11345876, at *1 (E.D. Wis. Aug. 21, 2008) (unpublished) ("More commonly, . . . futility is raised when the proposed amendment would suffer the same fate as an earlier (dismissed) complaint, the point being that it would be futile to proceed when the proposed amendment would be dismissed for defects already identified in an earlier complaint.") Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's document entitled "Fed. R. Crim. P. 16 impeded official proceedings 18 U.S.C. § 1512 and Rule 6(e)(1)" construed as an objection to the Court's January 12, 2021 Order (Docket Entry 13) be **OVERRULED** and Plaintiff's document entitled "Motion to Amend Complaint for Justified Causes" (Docket Entry 14) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

March 23, 2021
Durham, North Carolina